Freddie Carnell **PRATT** and Herbert Glenn Polk, Plaintiffs in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–17019.

Court of Criminal Appeals of Oklahoma.

Nov. 9, 1971.

Don Anderson, Public Defender, for plaintiffs in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Freddie Carnell Pratt and Herbert Glenn Polk, hereinafter referred to as defendant Pratt and defendant Polk, were charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Robbery with Firearms. Their punishment was fixed at nine (9) years imprisonment, and from said judgments and sentences, a timely appeal has been perfected to this Court.

At the trial, Arden Mackenthun testified that about 4:00 o'clock p. m. on February 3, 1971, he was going from one part of the University Medical Center to another. He noticed that he was being followed by two persons, whom he identified in court as the defendants. As he crossed the vacant lot, defendant Polk went in front of him, displayed a gun and demanded his money. He attempted to talk them out of it, but after a minute or so defendant Pratt reached into his pocket and took his billfold. The defendants ran, and Mackenthun chased after them. Polk fired one shot at Mackenthun. The defendants split up and momentarily eluded Mackenthun, who called the police.

Kenneth Kleinsteiber testified that he was a campus policeman at the Medical Center, and about 4:00 o'clock p. m., he observed two persons, one of whom he identified in court as the defendant Pratt, back Mackenthun against a station wagon. As he approached the confrontation, the defendants ran and Mackenthun chased them. He drove around the block and apprehended defendant Pratt. As he was putting defendant Pratt in the police unit, he heard a shot.

Officer Campbell testified that he and Officer McCaskell responded to a call and took custody of defendant Pratt. After advising him of his Miranda warnings, defendant Pratt showed him where the billfold was abandoned.

Defendant Polk testified that he was sixteen years of age and went to the tenth grade of Douglas High School. He testi-fied that early that day, he and defendant Pratt had been at the Walnut Culture Center where they had drunk wine which had been doped with some type pills. He testified that the wine put him in some sort of a daze to where he was not in his right mind. He described the robbery substantially as related by the witness, Mackenthun. He testified that the pistol was a .22 derringer that fired only blanks.

Defendant Pratt testified that he was sixteen years old and went to Classen High School. His testimony concerning the robbery and the pills did not differ substantially from that of defendant Polk's.

The first proposition asserts that the verdict is not supported by the evidence. We have repeatedly held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

The final proposition contends that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of this Court. Roberts v. State, Okl.Cr., 473 P.2d 264. From the foregoing statement of facts, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT, J., concurs.